**Sharon K. RYAN, Individually and as Mother and Next Friend of her Minor Children, James Ryan, Cyle Ryan, Timothy Ryan, and Samantha Ryan, and Jeffrey R. Ryan, Her Husband, Plaintiffs,**

v.

**FORTUNE TRANSPORTATION COMPANY and James D. Davis, Defendants/Third–Party Plaintiffs,**

v.

**Mark J. Tanner, Perishable Distributors of Iowa, Ltd., Stephen Stanbridge, and B–T, Inc., Third–Party Defendants.**

**No. 1:00–CV–40074.**

United States District Court, S.D. Iowa, Council Bluffs Division.

Nov. 14, 2003.

said rate will remain fixed for the duration of the indebtedness. 40 C.F.R. § 13.11(a).

Alan E. Fredregill, Eidsmoe, Heidman, Redmond & Fredergill, Sioux City, IA, for Plaintiffs.

Patrick J. McNulty, Grefe & Sidney, PLC, Des Moines, IA, for Defendants/Third–Party Plaintiffs.

Kenneth R. Munro, Bradshaw, Fowler, Proctor & Fairgrove, Des Moines, IA, Eugene P. Welch, Gross & Welch, Omaha, NE, G. William Smits, Gross & Welch, PC, Council Bluffs, IA, for Third–Party Defendants.

## ORDER

GRITZNER, District Judge.

This matter comes before the Court on Defendants' and Third–Party Defendants' Motion for Reconsideration of a portion of this Court's order of April 4, 2003. Plaintiffs have filed a resistance to the motion, and Defendants and Third–Party Defendants have filed a reply. The matter is now fully submitted for review.

The essential substance of the current motion is that the Court incorrectly characterized the prior reduction in the amounts awarded by the jury as a remittitur and, therefore, also incorrectly provided the Plaintiffs with an option of accepting the remittitur or having a new trial on the specific damages issues. Having carefully considered the current motions and briefs, and reviewed the applicable law, the Court finds that it erred in the prior order, the motion for reconsideration should be granted, and a portion of the prior order must be vacated. The Court regrets the error and the resulting inconvenience to the parties.

As material here, the Court's prior order arose from a motion jointly filed by the Defendants and Third–Party Defendants, pursuant to Fed.R.Civ.P. 59(e), to alter or amend the judgment. Defendants and Third–Party Defendants argued that the record did not contain legally sufficient evidence to support the jury award of damages for past wage loss and future medical expense for Plaintiff Sharon Ryan. The Court found the evidence was legally insufficient to support the award of these specific elements of damages and ordered a reduction accordingly. Thus, the Court was not responding to an excessive damages award on the facts but correcting an error of law. This circumstance does not usurp the fact-finding responsibility of the

jury as there is nothing for a jury to reconsider.

■ Remittitur comes into play when a jury has returned a verdict on the evidence but the amount of the award rendered on that evidence is shockingly excessive. *See C.L. Maddox, Inc. v. Benham Group, Inc.,* 88 F.3d 592, 603 (8th Cir. 1996); *Norton v. Caremark, Inc.,* 20 F.3d 330, 340 (8th Cir.1994); 12 James Moore et al., Moore's Federal Practice § 59.13[2][g][iii][B] (2003). "The court orders a remittitur when it believes the jury's award is unreasonable on the facts." *Johansen v. Combustion Engineering, Inc.,* 170 F.3d 1320, 1331 (11th Cir.1999). The concept does not come into play where a court is not addressing the excessive nature of the award but is considering the lack of legally sufficient evidence upon which to base any award. *See Tronzo v. Biomet, Inc.,* 236 F.3d 1342, 1350–51 (Fed. Cir.2001); *C.L. Maddox, Inc.,* 88 F.3d at 603–04; *Hill v. Marshall,* 962 F.2d 1209, 1215–17 (6th Cir.1992). This same reasoning applies in the circumstance where the jury award is prohibited by constitutional limitation. *See Ross v. Kansas City Power & Light Co.,* 293 F.3d 1041, 1049–50 (8th Cir.2002).

■ Upon reconsideration of this matter, it is clear this Court rendered a decision on a matter of law which did not require the consent of the Plaintiffs. It was error to grant the Plaintiffs the option of a new trial on these issues. The Defendants and Third–Party Defendants are entitled to relief from the prior order under the provisions of Fed.R.Civ.P. 60(b)(6). The parties should not be required to further litigate the matter and proceed with another trial before this matter is corrected. Accordingly, the Defendants' and Third–Party Defendants' motion to reconsider must be granted and the Court's prior order vacated to the extent it is inconsistent with this order.

**IT IS ORDERED** that this Court's prior Order of April 11, 2003 (Clerk's No. 171), be and is hereby vacated as to Part II(D), the reference to remittitur in the first paragraph of Part II, and those portions of Part IV that are inconsistent with this Order. The remainder of the Court's Order of April 11, 2003, remains in effect.

**IT IS FURTHER ORDERED** that the Judgment entered December 2, 2002 (Clerk's No. 152), be altered and amended and that the Clerk enter judgment in favor of the Plaintiffs and against Defendants Fortune Transportation Company and James Davis in the amount of $346,402.11, and against Third–Party Defendants Mark J. Tanner and Perishable Distributors of Iowa, Ltd., in the amount of $433,002.62, plus costs as allocated by the Court's Order of April 11, 2003.

**IT IS FURTHER ORDERED** that the Scheduling Order of July 16, 2003 (Clerk's No. 175), setting the trial date and other deadlines in the case be and is hereby vacated.